AHERN v. AHERN et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

PERPETUITIES—TRUST—VOID PROVISION IN WILL.

    One clause of a will provided that certain real and personal property of the testator should be held in trust by his executors till all of his five children should have attained the age of 21. Another clause provided for the sale of the property when the youngest child attained the age of 21. Other clauses created a life estate in certain property in favor of testator's wife, and provided that it should pass to the executor, and become a part of the trust property, if she died before all the children reached the age of 21. *Held*, that the trust was invalid, as unlawfully suspending the power of alienating the real estate and the ownership of the personal property during five lives.

Appeal from special term, New York county.

Action by Mary E. Ahern, individually and as executrix and trustee of the estate of Maurice Ahern, against Michael J. Ahern and others, for the construction of a will. From a judgment of the special term sustaining the validity of a trust, the plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

J. A. Straley, for appellant.

John J. Delany, for respondents.

PATTERSON, P. J. The seventeenth clause of the will of the testator, Maurice Ahern, is susceptible of no other interpretation than that it created a trust in his real and personal estate, to continue during five minorities, and therefore unlawfully suspended the power of alienation of the realty, and the absolute ownership of the personalty, of which the testator died seised and possessed. In express words, the gift is to the executors, to have and to hold the same "until all my children shall have arrived at the age of twenty-one years, and during the period of their said trust to receive the income, rents, issues, and profits of the said property, and to apply the net income of the same to the support and maintenance of my wife and children, and to the education of my children." The testator left five children surviving him. There is a provision in the seventeenth clause which reads as follows:

"Upon the event of the youngest of my said children attaining the age of twenty-one years, I direct and empower said executors and trustees to sell my said estate either at public auction or at private sale, and at the best price and terms in their discretion advisable, and to apply the proceeds. * * *"

If this provision stood alone, and directed a sale and distribution upon the arrival of the youngest child at the age of 21, it might be argued, to support an otherwise valid disposition, that the court would imply the alternative that the trust should cease upon the death of the youngest child before attaining majority, as was done in Lang v. Ropke, 5 Sandf. 369; but such an alternative cannot be implied in this case, because the general scheme of the trust is utterly opposed to such an implication. In the sixteenth clause of the will the testator gives to his wife a life estate in a house and lot, and upon her death devises that property to his children in equal shares, subject to the provision of the trust created in the seventeenth clause. In the direction for distribution contained in that seventeenth clause, the testator provides as follows:

"In the event of the death of my said wife before all my children shall arrive at the age of twenty-one years, it is my will that the property heretofore devised to her by the sixteenth clause of my will shall remain part of, and be included in, said trust estate."

Here is reiterated the purpose of creating a trust that shall continue until all of his children shall have attained the age of 21 years. It is impossible, without destroying the whole scheme of the trust, to limit it to the life of the youngest child in being at the testator's death, by making it determinable upon that child's attaining the age of 21 years, or dying before reaching that age.

The judgment must be reversed, and judgment directed declaring the trust created by the seventeenth clause to be void, with costs to all parties appearing, to be paid out of the estate. All concur.