JOHN M. DENISON and IDENE DAYTON DENISON, as Executors, etc., of DAVID STEWART DENISON, Deceased, as Trustees of the Trusts Created in and by the Last Will and Testament of DAVID STEWART DENISON, Deceased, and Individually, Respondents, v. HENRY MARCUS DENISON and Others, Respondents, Impleaded with MYRA B. MARTIN, as Administratrix, etc., of WILLIAM I. MONTAGUE, Deceased, and Others, Appellants.

*Will — suspension of the power of alienation — will construed to create separate trusts for a number of nephews and nieces — the words " in trust," where no trust is created, construed to create a " power " — what trusts, created to take effect after the death of life beneficiaries without issue, are invalid — when such invalidity does not make void other provisions of the will.*

David Stewart Denison, who was survived by a widow, a brother, John M. Denison, a sister, Mary L. Russell, and the children of a deceased sister, left a will by which he directed his executors to set apart so much of his estate

(which proved to be the whole thereof) as would be sufficient to provide an annuity of $10,000 for his wife during her lifetime.

He then gave his residuary estate to his brother, John M. Denison, and his sister, Mary L. Russell, and the survivor of them, "and the heirs, executors, adminis-, trators and assigns of such survivor," in trust for the use and benefit of the children of said brother and sister living at the time of his decease, and the issue then living of any deceased child or children of either the brother or sister, and provided that the children of the said brother and sister who survived him should take _per capita_ and that the children of any deceased child of such brother and sister were to take the share to which their parent would have been entitled if living.

The will directed the trustees, as soon after the testator's death as practicable, to divide the residuary estate into shares or portions and to hold the shares so set apart for the "respective" use and benefit of the said children or descendants of the testator's said brother and sister during the term of their "respective" lives and from and after their "respective" deaths to hold the share of the deceased life beneficiary, "in trust for his, her or their child or children, and the issue, if any, of his, her or their deceased child or children who shall be living at the time of his, her or their decease respectively his, her or their executors, administrators and assigns, if more than one, as tenants in common, but so that the issue of any deceased child, children or descendants of my said brother and sister shall take _per stirpes_ only the part or share or respective parts or shares to which said deceased child, children or descendants would, if then living, have been entitled."

The will further provided that if any child or descendant of either the testator's brother or sister, to whom a share or portion had been limited for life, should die without leaving a child or children or the issue of a deceased child, then the share of the child so dying should be held in trust for each of the surviving nephews, nieces or grandnephews and grandnieces, as the case might be, to whom a portion of the estate had been limited for life, to be held in the same manner in all respects as his, or her, or their original part or share was limited in trust.

In an action brought to obtain a judicial construction of the will it was

_Held,_ that it was the testator's intention to establish as many separate life estates as there should be nephews and nieces or children of deceased nephews and nieces living at his death and who were children or descendants of the testator's brother John and his sister Mary;

That this being the case, the provision for the benefit of the children and grandchildren of John M. Denison and Mary L. Russell living at the time of the testator's death did not suspend the power of alienation of any portion of the residuary estate for more than a single life;

That the provision of the will providing for the disposition of the share held for any life beneficiary upon his or her death leaving issue did not, although the testator used the words "in trust," set up any new trust in such share, but at most created only a trust for distribution, which, while not technically a trust at all, was valid as a power;

That it was the testator's intention that, in the event of the death of a life beneficiary leaving children or descendants, the share which had been held in trust for the decedent should pass to and vest in his or her issue, the sole duty imposed upon the trustees in such case being that of paying over the trust property;

That the provision of the will by which the testator undertook to dispose of the share of a life beneficiary, who might die without leaving children or descendants, by dividing the decedent's share among the other shares as to which the trusts for the life beneficiaries still existed, to be held upon the same trusts as those shares, was invalid;

That such invalidity did not, however, render it necessary to reject the entire residuary clause;

That the invalid provision could be cut off without destroying the general scheme of the will or defeating the primary and controlling intent of the testator, to wit, that his residuary estate should go to the children and descendants of his brother John and sister Mary to the exclusion of the children and descendants of his deceased sister;

That the will should consequently be construed to contain a valid devise of the residuary estate to John M. Denison and Mary L. Russell to be held upon separate trusts for each one of their children or issue of deceased children living at the death of the testator, subject to the annuity provided for the widow, with remainder in fee to the issue of any life beneficiary who might die leaving children or descendants, with distribution as in case of intestacy of the share of any life beneficiary dying without issue.

APPEAL by the defendants, Myra B. Martin, as administratrix, etc., of William I. Montague, deceased, and others, from a judgment of the Supreme Court in favor of the plaintiffs and certain of the defendants, entered in the office of the clerk of the county of New York on the 5th day of May, 1904, upon the decision of the court, rendered after a trial at the New York Special Term, construing the will of David Stewart Denison, deceased.

*Franklin Bartlett,* for the appellants Bessie M. Brown and others.

*H. Logan,* for the appellant Martin, as administratrix.

*Walter S. Logan,* for the plaintiffs, respondents.

*Everett Masten,* for the respondents Mary L. Russell and others.

*William T. Read,* guardian ad litem, for the respondents John M. Denison and others.

Judgment affirmed, with costs, on opinion of the court below.

First Department, April, 1905.            [Vol. 103.

Present — Van Brunt, P. J., Patterson, Ingraham, McLaughlin and Laughlin, JJ.

The following is the opinion of Scott, J., delivered at Special Term:

Scott, J.:

This action is brought for a judicial construction of the will of David Stewart Denison, a resident of the city of New York, who died without issue, leaving a widow, a brother, John M. Denison, a sister, Mary L. Russell, and the children of a deceased sister. At the time of testator's death both his brother, John M. Denison, and his sister, Mary L. Russell, had living children and grandchildren. By the 4th clause of his will, as amended by a codicil, he directs his executors to set apart and hold so much of his estate as will be sufficient to provide an annuity of $10,000 for his wife during her life. It is conceded that this will require the executors to hold the entire estate for this purpose. The controversy arises over the 7th clause of the will, which undertakes to dispose of the residuary estate. The clause is long and involved and but indifferently well punctuated. Its purport, however, is plain, and no difference arises in relation thereto. It will not be necessary, therefore, to quote it at length. It gives the residue of the estate to the testator's brother, John M. Denison, and sister, Mary L. Russell, and the survivor of them "and the heirs, executors, administrators and assigns of such survivor," in trust for the use and benefit of the children of said brother and sister living at the time of testator's decease, and the issue then living of any deceased child or children of either the brother or sister. The children of the brother and sister who survive the testator are to take *per capita*, and the children of any deceased child are to take the share to which the parent would have been entitled if living. The trustees, as soon after testator's death as practicable, are to divide the residue of the estate into shares or portions, and to hold the shares so set apart for the "respective" use and benefit of the said children and descendants of the testator's said brother and sister during the term of their "respective" lives, and from and immediately after their respective deaths to further hold the share or portion thus set apart for such deceased child, children or descendants "in trust for his, her or their child or children, and the issue, if any,

of any of his, her or their deceased child or children" living at that time, "his, her or their executors, administrators and assigns, if more than one, as tenants in common." It is further provided that if any child or descendant of either testator's brother or sister, to whom a share or portion has been limited for life, shall die without leaving a child or children or the issue of a deceased child, then the share of the child so dying is to be held in trust for each of the surviving nephews, nieces or grandnephews and grandnieces, as the case may be, to whom a portion of the estate had been limited for life, to be held in the same manner in all respects as his, or her, or their original part or share is limited in trust. If every child and descendant of the said brother and sister should die without issue or descendant, the residue is to be distributed according to the laws of the State of New York. Provision is made that the shares set apart for nieces and grandnieces shall be free from control of their husbands. It is urged against this disposition of the estate that it unlawfully suspends the power of alienation. Since the whole estate must be retained by the executors to provide the annuity for the widow, the power of alienation is suspended during her life. The disposition of the estate after her death is carefully limited to persons in being at the testator's death, and the first question suggested is whether or not the disposition made in behalf of these beneficiaries suspends the power of alienation of any portion of the estate for more than one life. The plain construction of the will is that it was the testator's intention to establish as many separate life estates as there should be nephews and nieces or children of deceased nephews and nieces living at his death, and being children or descendants of his brother John and his sister Mary. The trustees are directed to divide the residue of the estate into shares or portions according to his devise and bequest; they are to hold these shares for the "respective" use and benefit of the beneficiaries, and during the term of their "respective" lives, and from and after their "respective" deaths their shares are disposed of to their issue, and throughout the whole clause he speaks of the share or portion of each of the life beneficiaries as separate and separable portions of the estate. The bequest, therefore, for the benefit of the children and grandchildren of John M. Denison and Mary L. Russell, living at the time of testator's death, does not suspend the power of alienation

of any portion of the estate for more than a single life. (*Savage* v. *Burnham,* 17 N. Y. 561; *Stevenson* v *Lesley,* 70 id. 512; *Locke* v. *Farmers' L. & T. Co.,* 140 id. 135.)

The next provision of the will to which attention is directed is that which provides for the disposition of the share held for any life beneficiary upon his or her death, leaving issue. The provision in this regard is as follows : That upon the death of any life beneficiary the trustees shall hold the share or portion set apart for said life beneficiary "in trust for his, her or their child or children, and the issue, if any, of any of his, her or their deceased child or children who shall be living at the time of his, her or their decease respectively, his, her or their executors, administrators and assigns, if more than one, as tenants in common, but so that the issue of any deceased child, children or descendants of my said brother and sister shall take *per stirpes* only the part or share or respective parts or shares to which said deceased child, children or descendants would, if then living, have been entitled." The effect of this provision was to give the share of any life beneficiary dying, and leaving issue, to such issue, immediately upon the death of the parent. It was tantamount to a direction to the trustees to pay over. There is nothing in the will to indicate that the testator intended to set up any new trust of any such share, notwithstanding he uses the words "in trust." At the most it creates only a trust for distribution, which, while not technically a trust at all, is valid as a power. The trustees are not charged with receiving or paying out the income — no period is set for the continuance of the trust and no gift over is made of the principal. The evident purpose of the testator and the effect of the language used by him was that in the event of the death of a life beneficiary, leaving children or descendants, the share which had been held in trust for the decedent would immediately pass to and vest in his or her issue, the sole duty left to the trustees being that of paying over. (*Manice* v. *Manice,* 43 N. Y. 384; *Woodgate* v. *Fleet,* 64 id. 566, 573.) The next provision of the will and one which is obviously invalid, is that which undertakes to dispose of the share of any life beneficiary who may die leaving no person surviving capable of taking under the provision last considered. As to any such share the will undertakes to set up a system of cross remainders by which the share will be divided and distributed

among the other shares as to which the trusts for the life beneficiaries are then still existent, to be held upon the same trusts as those shares, not only for the lives of the respective life beneficiaries, but also for "his, her or their child or children or issue of any deceased child or children living at his, her or their death." The invalidity of this provision is so patent that it is conceded by all parties to the action and needs no demonstration. The sole question remaining is whether or not this invalid provision so taints the whole scheme for the disposition of the residuary estate that the entire clause relating thereto must be rejected. It is a well-established rule for the construction of wills that where the obvious primary and controlling intent of the testator can be carried out by upholding the valid dispositions made by him, such intent will not be defeated because he has tacked on to his valid bequests others which are invalid but are not necessary to the carrying out of the principal scheme. In such a case those latter provisions will be cut off and the valid provisions allowed to stand. (*Underwood* v. *Curtis*, 127 N. Y. 523.) In the present case the controlling intent of the testator which is evident throughout the whole 7th clause of his will is that, so far as he can control the future, his residuary estate shall go the children and descendants of his brother John and his sister Mary, to the exclusion of the children and descendants of his deceased sister. This is a disposition which he had a right to make and we have no concern to speculate as to his reasons or to question his motives. By sustaining the valid provisions of his will this testamentary purpose will in the main be carried out, and very possibly be carried out in its entirety, for the contingency to which the invalid provision would apply may never occur, and will very probably occur, if at all, only so as to affect a portion of the estate. On the other hand, if the whole clause be held to be invalidated, the testator's intent will be wholly frustrated and his property will be distributed in the very manner that he sought to guard against. I am clearly of the opinion that the invalid provision contained in the disputed 7th clause is one which can be cut off without destroying the general scheme of the will or defeating the primary and controlling intent of the testator. Full effect can thus be given to all the valid dispositions attempted to be made and the purpose of the testator carried out so far as the law will permit it to be.

My conclusion is that the 7th clause of the will should be con-
strued as containing a valid devise of the residuary estate to John M.
Denison and Mary L. Russell to be held upon separate trusts for
each one of their children or issue of deceased children living at
the death of the testator, subject to the annuity provided for the
widow, with remainder in fee to the issue of any life beneficiary
who may die leaving children or descendants, with distribution as
in case of intestacy of the share of any life beneficiary dying with-
out issue.