(55 Misc. Rep. 468.)

### WHITEFIELD v. CRISSMAN et al.

(Supreme Court, Special Term, New York County. July, 1907.)

PERPETUITIES—TESTAMENTARY TRUST—VALIDITY.

> Testator by his will created a trust, to endure for the minorities of his four children. *Held* in violation of the rule against perpetuities, and not to be saved by a power of sale, which would not terminate the trust, when exercised; the period of distribution being otherwise fixed.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 45–56.]

Action by Mary L. Whitefield, executor, against Mary W. Crissman and others, to construe a will. Judgment rendered.

Robert A. B. Dayton, for plaintiff.

James A. Speer, for defendant Crissman.

William Klein, guardian ad litem, for infant defendants.

BISCHOFF, J.  The trust to endure for the minorities of the testator's four children cannot be upheld.  Its duration, if not taken to be measured by years, is measured by four lives in being, and, within the authorities, such a direction offends the rule against perpetuities.  Hawley v. James, 16 Wend. 61; Ahern v. Ahern, 52 App. Div. 356, 65 N. Y. Supp. 81.  This provision cannot be construed as intending a trust to be measured by the life of the youngest child, within his minority (Becker v. Becker, 13 App. Div. 342, 43 N. Y. Supp. 17), since a contrary intention—the continuation of the trust as to the survivors, notwithstanding the earlier death of one—is made manifest by the words employed.  Under the circumstances, the inference of an intention to make a valid disposal of his property cannot be invoked to override the plain meaning of the testator's chosen words.  Ahern v. Ahern, supra.

Nor does the power of sale save the trust.  This power, when exercised, was not to terminate the trust, according to the obvious intention expressed; for the period of distribution was otherwise fixed, and the proceeds of sale were necessarily to be held upon the same trust.  It is the period within which the power of alienation is suspended, as to the persons ultimately entitled to possession, not as to the trustees, which is the measure for the purposes of such a case. Haynes v. Sherman, 117 N. Y. 433, 22 N. E. 938; Allen v. Allen, 149 N. Y. 280, 43 N. E. 626.

Form of decision and judgment may be presented on notice of settlement.  Judgment accordingly.