### BAILEY v. BUFFALO LOAN, TRUST & SAFE DEPOSIT CO. et al.

(Supreme Court, Appellate Division, Fourth Department.  May 8, 1912.)

1. PERPETUITIES (§ 4*)—TESTAMENTARY TRUSTS—VALIDITY—STATUTE OF PER-PETUITIES.

A will executed February 16, 1894, created a trust fund, the income of which to be distributed, $50 a month to testator's brother B. for life, $30 a month to S. for life, and the remainder to plaintiff, a son, for life or until the trust terminated as provided.  The will further provided that, after plaintiff's death, the income should be added to the principal, and the fund held in trust for plaintiff's children, and as each child became of age a distribution should be made based upon the number of children then living, a proportionate share to be paid to the child arriving at the age of 21 years, but if there were no children living at testator's death, or the children then living died before becoming of age, the will directed that the trust should continue for 25 years from the date of the will, and, if there were then no children living, should cease, and the principal paid to testator's son, if then living, and, if not, to the heirs of testator's sister; but if there was a child living 25 years from the date of the will, though born after testator's death, the trust fund should continue for its benefit.  Only one of plaintiff's children now living was born before testator's death, and two of his six children have died, and his eldest child being nearly 20 years of age, and the youngest nearly 7 years of age.  S. died in 1899.  *Held,* that the provisions for plaintiff's children violated the statute against perpetuities, but the trust would be good after eliminating the provisions for the children and the final disposition of the trust, even if S. had not died, so as to leave only two life beneficiaries, since the provisions for B. and S. were only annuities, the present value of which might be ascertained upon plaintiff's death and paid, so as to free the trust fund therefrom.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–44;  Dec. Dig. § 4.*]

2. WILLS (§ 473*)—PARTIAL INVALIDITY—INVALIDITY OF WHOLE.

Notwithstanding the invalidity of the provision for the children, the provision for the life beneficiaries may be upheld, since it is not so involved with the other provisions as to invalidate the whole trust.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 992–995;  Dec. Dig. § 473.*]

3. WILLS (§ 428*)—VALIDITY—ESTOPPEL TO DENY.

The probate of a will containing a testamentary trust on application of testator's son, a beneficiary under the trust fund, would not estop the son from afterward suing to set aside the trust as invalid, the construction of the will not being involved in the probate proceedings, nor by a decree of accounting in the probate court as to the distribution of the trust fund up to that time.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 917;  Dec. Dig. § 428.*]

4. TRUSTS (§ 53*)—CONSENT TO DISTRIBUTION—TESTAMENTARY TRUSTS—VA-LIDITY—ESTOPPEL TO DENY.

A beneficiary under a testamentary trust is estopped from questioning the validity of the trust as to the distribution of income thereunder and administration of the trust fund up to the time he commenced an action

to set it aside, he not having theretofore asserted the invalidity of the trust, and the fund having been administered with his knowledge and consent.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 73; Dec. Dig. § 53.*]

Appeal from Equity Term, Erie County.

Action by Harlow W. Bailey against the Buffalo Loan, Trust & Safe Deposit Company and others. From a judgment of the Supreme Court (75 Misc. Rep. 23, 132 N. Y. Supp. 513) in part for plaintiff, defendant named and other defendants appeal, and plaintiff appeals from a part of the judgment for defendant company and another defendant. Reversed upon the law and facts, and a new trial ordered.

The controversy is over a certain clause of the will of Daniel E. Bailey, late of the city of Buffalo, Erie county, deceased, which is attacked upon the ground that it violates the statute against perpetuities.

The will, after directing the payment of the testator's debts and making provision for his wife and sister, provides by the clause in question, as follows:

"Fourth. I direct that the bonds of the Toledo Consolidated Street Railroad to the amount of Sixty Thousand Dollars be deposited in trust with the Buffalo Loan, Trust and Safe Deposit Company of Buffalo, N. Y., as trustees, and in case at the time of my decease, I should not be possessed of the above bonds, then the same amount in cash or other good securities be placed in the hands of said Buffalo Loan, Trust and Safe Deposit Company, as a trust fund, the income of which, after paying the expenses of such trust, I direct to be paid as follows: Fifty dollars per month to my brother, Alanson C. Bailey, of Toledo, Ohio, during his natural life; Thirty dollars per month to Mrs. Mary A. Swain, of Buffalo, N. Y. during her natural life, and the remainder of said income to my son, Harlow W. Bailey, during his natural life, or until the trust shall terminate, as hereinafter stated. And in case of the death of either my said brother, Alanson C. Bailey, or Mrs. Mary A. Swain, then their proportions of said income shall be paid to my said son Harlow W. Bailey, and in case of the death of my said son Harlow W. Bailey, then I direct that his share of said income shall be added to the principal sum of said trust. The principal of said trust fund of Sixty Thousand Dollars, I direct to be held in trust by the said Buffalo, Loan Trust and Safe Deposit Company for the children of my said son, Harlow W. Bailey, and I direct that each child of my said son Harlow W. Bailey, shall have and receive his or her proportion of said trust fund upon his or her arriving at the age of twenty-one years, and then to take such proportion of said principal sum as the number of children then living and minors, shall bear towards the principal sum then undivided, so that if there be three children living when the oldest becomes twenty-one years of age, such oldest child shall receive one-third of said principal sum of said trust, and if another child shall be born after the oldest child has become twenty-one years of age, and shall have received his or her proportion of said trust fund, then the second child shall, upon becoming twenty-one years of age, have and receive one-third of the remaining principal of said trust fund.

"And in case there be no children of my said son, Harlow W. Bailey, living at the time of my decease, or in case the children then living shall die before arriving at the age of twenty-one years, then I direct that the trust hereby created shall continue for twenty-five years from the date of this will, and if at that time there be no children of my said son, Harlow W. Bailey, living, I direct that the trust hereby created shall cease and be determined, and I hereby direct that the principal of said trust fund shall then be paid to my said son, Harlow W. Bailey, and the same shall be his property absolutely, and forever, and if at that time my said son, Harlow W. Bailey shall not be

living, then I direct that the principal of said trust fund shall be divided and paid over, share and share alike to the heirs of my said sister, Caroline E. Blair, of Madison, Ohio. But if there be a child of my said son, Harlow W. Bailey living twenty-five years from the date of this will, though born after my decease, then said trust hereby created shall continue for the benefit of such child."

Then follows the general residuary clause under which the plaintiff claims, as follows:

"All the rest, residue and remainder of my estate, whether real or personal I give, devise and bequeath to my said son, Harlow W. Bailey."

The will appoints the plaintiff and the defendant Trust Company executors of the will. It is dated February 16, 1894, and was probated March 22, 1894; the testator having died March 3, 1894. The plaintiff and the Trust Company qualified as executors and acted as such until on or about January 23, 1899, when they were discharged by a decree of the Surrogate's Court of Erie county, the plaintiff in conjunction with the Trust Company having theretofore set aside and turned over to the Trust Company the $60,000 in bonds referred to in the will, in accordance with the provisions of the fourth clause, and the income has been distributed by the Trust Company without objection, as therein provided, until the validity of the clause in question was challenged by the commencement of this action in May, 1911.

The judgment declares that the clause in question attempts to suspend the absolute ownership and power of absolute alienation of the personal property therein referred to as a trust fund for a period beyond the determination of two lives in being at the death of the testator, and is illegal and void; and adjudges the said fund to be the property of the plaintiff, the residuary legatee under said will and directs the payment thereof to him, after making certain deductions and the payment of costs and certain allowances.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Frank C. Ferguson, of Buffalo, for plaintiff.

Lincoln A. Groat, of Buffalo, for defendant Buffalo Loan, Trust & Safe Deposit Co.

Frank Gibbons, of Buffalo, for defendant Alanson C. Bailey.

H. B. Van Peyma, for infant defendants.

KRUSE, J. The plaintiff, who is the testator's son and only child, and his sole residuary legatee and devisee, attacks the fourth clause of his father's will upon the ground that the clause in question violates the statute against perpetuities, and contends that the trust fund set aside under that clause belongs to him, and that he is entitled to immediate payment thereof by the trustee, the defendant Trust Company.

The clause in question provides for a trust fund of $60,000, the income of which is to be distributed by paying $50 per month to the testator's brother, Alanson C. Bailey, during his natural life, $30 per month to Mrs. Mary A. Swain during her natural life, and the remainder of the income to plaintiff during his natural life or until the trust shall terminate, as therein stated. After the death of the plaintiff, the income is to be added to the principal and the trust fund and accumulations held in trust for the plaintiff's children, and, as each child becomes of the age of 21 years, a distribution is to be made, based upon the number of children then living, and a proportionate share to be paid to the child arriving at the age of 21 years. But in the event that there are no such children living at the testa-

tor's death, or that the children then living shall die before arriving at the age of 21 years, the trust is directed to continue for 25 years from the date of the will, and, if at that time there are no such children living, the trust shall cease and the principal of the trust fund shall be paid to the son if he is then living; if not, to the heirs of a certain sister. If, however, there is a child living 25 years from the date of the will, although born after the testator's decease, the trust shall continue for the benefit of such child. But one of the plaintiff's children now living was born before the death of the testator. Of the six children born to the plaintiff two have died. One was born October 14, 1893, and died the next day. The other was born August 16, 1900, and died March 7, 1902. The eldest child is now nearly 20 years of age and the youngest nearly 7.

The controversy is between the plaintiff upon the one side and the Trust Company, the plaintiff's children, and his uncle, a beneficiary under the fourth clause, upon the other; Mrs. Mary A. Swain, the other life beneficiary having died in 1899. All of the parties to the controversy seem to concede that the second paragraph of the clause in question, which provides for a continuance of the trust for 25 years with a limitation over as therein stated, is invalid.

[1, 2] I think the provision for the children also contravenes the statute against perpetuities and is likewise invalid (Matter of Wilcox, 194 N. Y. 288, 87 N. E. 497); but that the provision for the life beneficiaries may be upheld. That provision is not, as it seems to me, so involved with the others which are invalid that it must fall with them.

It is contended, however, that eliminating all provisions for the children, and the final disposition of the trust under this clause, still the trust is void, because, as it is claimed, the duration of the trust extends beyond a period of two lives, namely, that of the plaintiff and two other life beneficiaries. But the provisions for Alanson C. Bailey and Mrs. Swain are mere annuities, chargeable against the income, and the trust need not on that account be extended beyond the life of the plaintiff, as the present value of the annuities can be ascertained upon his death and paid and the fund freed from the claim of the annuities, and the remainder distributed under the residuary clause of the will. Buchanan v. Little, 154 N. Y. 147, 47 N. E. 970; People's Trust Co. v. Flynn, 188 N. Y. 385, 80 N. E. 1098; Matter of Trumble, 199 N. Y. 454, 464, 92 N. E. 1073.

The defendants further contend that the plaintiff is not in a position to attack the validity of the trust and recover the fund, because (1) the cause of action is barred by the statute of limitations; (2) the plaintiff is estopped; and (3) a trust was created independent of the will.

1. It is argued that if there was no valid disposition by the clause in question, and the bonds when delivered to the Trust Company belonged to the plaintiff, as he claims, there was a conversion of the bonds by the Trust Company immediately, as the holding and dominion over the bonds by the Trust Company was entirely hostile to any such claim as the plaintiff now makes, for which a cause of ac-

tion accrued at once, and that, whether the six or the ten year statute of limitations applies, the claim is barred by the statute. Lammer :v. Stoddard, 103 N. Y. 672, 9 N. E. 328; Roberts v. Ely et al., 113 N. Y. 128, 20 N. E. 606; Matter of Rogers, 153 N. Y. 316, 47 N. E. 589. But, if I am right that the trust was valid to the extent I have indicated, the plaintiff would not even now be entitled to the fund, as the plaintiff and one of the annuitants are still living.

2. It is contended, further, that the plaintiff is estopped from maintaining the action by the proceedings in the Surrogate's Court for the probate of the will, the decree upon the final accounting, his acquiescence in all that has been done in administering the estate and the distribution of the income extending over a period of 17 years, with full knowledge on his part of all the circumstances and the provisions of the will.

[3] I do not see how the probate of the will, although at the instance of the plaintiff, can have that effect, as the question of the construction of the will was not involved in that proceeding, and although the decree upon the accounting is conclusive as to the plaintiff upon the distribution of the fund up to that time, including the setting aside and transferring of the trust fund to the Trust Company (Chester v. Buffalo Car Manufacturing Co., 70 App. Div. 443, 75 N. Y. Supp. 428; Id., 183 N. Y. 425, 76 N. E. 480), I do not think the decree in effect determined the validity of the clause of the will in question, or controlled the disposition of the fund thereafter. That question was not, as it seems to me, involved in the accounting.

[4] The plaintiff should not, however, be permitted to question what was done before the commencement of the action in distributing the income and administering the fund. Up to that time he had never challenged the validity of the trust or the right of the Trust Company to administer the fund; on the contrary, whatever was done in that regard was with his knowledge and direction or consent, and he should now be estopped from questioning what was so done. Starr v. Selleck, 145 App. Div. 869, 130 N. Y. Supp. 693; Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312; Chester v. Buffalo Car Mfg. Co., supra; Rothschild v. Title Guarantee & Trust Co., 204 N. Y. 458, 464, 97 N. E. 879.

3. It is further urged that a trust was constituted independent of the will by the transactions between the plaintiff and the Trust Company, and their acts in recognition thereof. If the clause in question was entirely void and the bonds belonged absolutely to the plaintiff under the residuary clause of the will as the plaintiff now claims, he could, of course, dispose of the bonds in any legal way he saw fit. But such a provision as was made for the children, even if regarded as made by the plaintiff himself when the bonds were transferred to the Trust Company or at any time thereafter, would seem to be contrary to the statute against perpetuities, and invalid. The rights of the children in the fund would be merely contingent. The same uncertainty would still exist as to how long the trust fund should be held and the income accumulated and who would eventually be enti-

tled to the fund and its accumulations. None of the four children now living has reached the age of 21 years.

But as to the surviving annuitant, Alanson C. Bailey, the situation seems to be different. Mrs. Swain, the other annuitant, died in 1899. That left but two life beneficiaries—the plaintiff and Alanson C. Bailey. Whatever grounds had theretofore existed for questioning the provision for Alanson C. Bailey as an illegal suspension for more than two lives were removed by the death of Mrs. Swain. The trust was continued thereafter for years and recognized by the plaintiff as valid, and the surviving annuitant's right was never questioned by him until this action was commenced. Although the circumstances may not make out an equitable estoppel, I think they are sufficient to support a finding that after the death of Mrs. Swain the plaintiff waived his objection to the validity of the provision for the surviving life annuitant, and to that extent abandoned and yielded to the trustee and the life annuitant his right to the fund, confirming the original trust to the life beneficiaries, so that now there is a valid, existing trust for their benefit, as the will provides, except as to the provision for Mrs. Swain, which has been fully carried out.

It should be stated in this connection that there is a finding that the Trust Company in taking the bonds into its management and control as a trust, and the plaintiff, in acquiescing in the same, were each of them acting under a mistake of law. But I do not find any evidence in the record that the plaintiff (who was not sworn on the trial) was acting under a misapprehension in that regard, or that he did not fully understand the nature of the trust and act intelligently in all that was done. I think the plaintiff must fail in his attempt to obtain possession of the fund at this time, and that the judgment should be reversed. We could safely put our reversal upon the law only and also omit the direction for a new trial, if I am right in holding that the trust originally was valid to the extent that I have indicated; but, if I am wrong in so holding and still am right in upholding the provision for the surviving life annuitant upon the second ground, I think as the practice law now stands we could not safely, in view of the findings as they now are, direct final judgment, based upon the second ground.

The judgment should therefore be reversed, upon the law and the facts and a new trial ordered, separate bills of costs should be awarded to each defendant appellant appearing by separate attorneys, to abide the event, payable out of the fund. All concur.