cent English cases where the reasoning of the decisions seems to be in accord with the conclusion which I have reached independently. Clifford In re; Mallan v. McFie, 81 L. J. Ch. 20; 106 L. T., 14; Leaming In re; Turner v. Leeming, 81 L. J. Ch. 453; 106 L. T. 793.

[3, 4] The testatrix was entitled to the ordinary dividends declared prior to her death on the 30 shares of Standard Oil Company stock as well as on the shares of the subsidiary companies. The Standard Oil Company of Indiana, which was a subsidiary company, declared an extraordinary dividend on May 15, 1912, by which a certain number of shares were allotted to the holdings of the testatrix in that company. So much of these shares as represented surplus accumulated between December, 1911, and the date of the extraordinary dividend is income, and goes to the residuary legatees. Matter of Osborne, 209 N. Y. 450, 103 N. E. 723, 823. The same applies to the extraordinary dividend declared by the Standard Oil Company of Nebraska.

As the appraiser has not made this apportionment, his report will be remitted to him for that purpose, and for such further modification as may be necessitated by this decision. Settle order on notice.

---

### In re UNITED STATES TRUST CO.

(Surrogates' Court, New York County. July 16, 1914.)

1. WILLS (§ 473*)—CONSTRUCTION—PARTIAL INVALIDITY.

Where a testator devised property in trust to pay the income to three named persons during their natural life, with provisions that upon the death of all the income as to them should cease and the principal sum set apart should fall into the residuary estate which was bequeathed to two named institutions, the whole limitation fell if the trust term was a perpetuity.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 992–995; Dec. Dig. § 473.*]

2. ANNUITIES (§ 1*)—NATURE—"ANNUITANTS."

While under Real Property Law, § 76 (now Consol. Laws, c. 50, § 96), cestuis entitled to annual payments from a trustee of an express trust are designated as "annuitants," the term is not used in its common-law significance; an "annuity" being a sum charged annually on the person in contradistinction from a rent charge.

[Ed. Note.—For other cases, see Annuities, Cent. Dig. §§ 1–6; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 1, pp. 404, 405; vol. 8, p. 7575.]

3. WILLS (§ 446*)—CONSTRUCTION.

A will should be given that construction which makes for its validity.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 962; Dec. Dig. § 446.*]

4. PERPETUITIES (§ 4*)—WHAT CONSTITUTES.

Where a testator devised property in trust to pay the income to named persons for life, with the provision that after the death respectively of all of the annuitants the income should cease and the principal amount set apart to produce the income should fall into the residuum which should be divided between named institutions, there was no perpetuity,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the annuities being separate and not limited to a term longer than two lives in being, for the use of the word "respectively" shows an intention on the part of the testator to separate the trust.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–44; Dec. Dig. § 4.*]

5. TAXATION (§ 905*)—TRANSFER TAXES—PAYMENT.

Where annuities are subject to transfer taxes, deductions should be made from each payment of the annuities under the principle of amortization.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1728–1731; Dec. Dig. § 905.*]

In the Matter of the judicial settlement of the accounts of the United States Trust Company, as executor of the will of John Jaffred Butler, deceased. Upon objections of Margaret E. Leach. Objections overruled.

Stewart & Shearer, of New York City (Harry K. Davenport, of New York City, of counsel), for executor.

Joseph F. Daly, of New York City, for Roman Catholic Orphan Asylum in the City of New York.

Stanley W. Dexter, of New York City (George N. Whittlesey, of New York City, of counsel), for the Children's Aid Society.

Thomas F. Keogh, of New York City, for contestant.

FOWLER, S. The amended objections of Margaret E. Leach, designated in the will of testator as Lillie Leech, to the account of the executor, are brought on for hearing before me pursuant to a written stipulation of all the counsel in the cause. The objections require in the first place the construction of the sixteenth clause of the last will of Mr. John Jaffred Butler, deceased. Such clause is as follows:

"Sixteenth. All the rest, residue and remainder of my estate, both real and personal, of whatever nature and description and wheresoever situated, I give, devise and bequeath to my executor hereinafter named, in trust, nevertheless, to enter into and take possession thereof, and if in its discretion it shall be for the best interest of my estate so to do, to sell and dispose of the same at public or private sale, to convert the same into money and invest the proceeds thereof in good, safe and lawful securities, to receive the rents, interest, income, dividends and profits thereof and apply the same as follows, to wit:

"(1) To pay to my uncle, John Butler, of the borough of Brooklyn, and to my niece, Lillie Leech, daughter of my brother, Stephen Butler, on the first day of each and every month after my decease, each the sum of $75 (seventy-five), dollars, for and during their natural lives respectively; and to my mother-in-law, Mrs. William H. Brown, and to my sister, Mrs. Mary J. Murphy, on the first day of each and every month after my decease, each the sum of seventy-five dollars for and during their natural lives respectively.

"(2) Upon the death of my said sister, Mrs. Mary J. Murphy, the monthly sum of seventy-five dollars above directed to be paid her shall be continued as aforesaid and paid in same manner to her daughter, Marie E. Murphy, for and during her natural life.

"(3) After the death respectively of all the above named persons, namely, John Butler, Lillie Leech, Mrs. William H. Brown and Marie E. Murphy, the several monthly amounts directed to be paid them as aforesaid shall cease, and said amounts, together with the principal sum set apart to produce said monthly payments, shall fall into and become part and parcel of my residuary

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

'estate, and the whole residuary estate shall be disposed of in the following manner, namely:

"(4) To divide said residuary estate into two equal parts and pay over, assign and transfer one of said equal parts or shares to the Roman Catholic Orphan Asylum in the City of New York, for the use of the Boy's Asylum under its care and maintenance, and the other of said equal parts or shares to be paid over, assigned and transferred to the Newsboys' Lodging House, located at 9 Duane street, in said borough of Manhattan, an institution maintained by the Children's Aid Society of New York City."

[1] It is alleged by objectant that the testator is to be taken by said sixteenth clause to have contemplated an unlawful perpetuity in that the period of suspension of alienation is necessarily for a term longer than two lives in being. This is the prime question. Let us analyze the limitation and see if the objection is well taken. Mr. Butler, the testator, gives his residuary estate to his executor in trust, with power of conversion, the rents, interest, income, dividends, and profits of the trust property so given to be applied by the trustee as follows: $75 a month to testator's uncle, John Butler; $75 a month to testator's niece, the objectant, Margaret E. Leach (otherwise Lillie Leech); $75 a month to Mrs. Brown, testator's mother-in-law; $75 to Mrs. Murphy, testator's sister. Upon Mrs. Murphy's death, her daughter, Marie E. Murphy, is entitled to receive monthly the $75 theretofore paid to Mrs. Murphy. Remainders are limited over to the Roman Catholic Orphan Asylum and the Children's Aid Society, each taking a moiety. The objectant's contention is that the trust term is too long, being limited on the lives of all the so-called "annuitants" who survived the testator. It appears that there were three such: Margaret E. Leach, Mrs. Brown, and Marie E. Murphy. Of course, if this contention of the objectant is sound and the trust term is one for the lives of three annuitants, the limitation is void in its entirety (Brown v. Quintard, 177 N. Y. 75, 69 N. E. 225), as the void and valid limitations of the residuary are inseparable.

[2-4] I observe that the various cestuis que trustent so entitled are called in the discussion of counsel "annuitants," and since the Real Property Law of 1896 (section 76, now section 96) certain cestuis entitled to annual payments from a trustee of an express trust are properly called "annuitants," although at common law an "annuity" was a sum charged annually on the person, as contradistinguished from a rent charge, or a sum charged annually or at stated periods on land. I have always regretted the confusion in common-law terminology caused by the change introduced by the statute of 1896 in the use of the term "annuitant." It was avoided by the Revised Statutes (1 R. S. 728, § 55). The will discussed in Bailey v. Buffalo Loan, Trust & Safe Deposit Co., 151 App. Div. 166, 135 N. Y. Supp. 344, was probated before the change in the statute; but the perusal of this decision will disclose how significant the change indicated in the statute was in law. A trust to pay annuities now causes the annuities to be nonassignable. Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971; Herzog v. Title Guarantee & Trust Co., 177 N. Y. 86, 95, 69 N. E. 283, 67 L. R. A. 146; Denison v. Denison, 103 App. Div. 527, 86 N. Y. Supp. 604,

93 N. Y. Supp. 1128. But it is not the nonassignability of the interest of the trust beneficiary which now tends to a perpetuity, but the old statutory restriction on alienation by the trustee during the trust term. Robert v. Corning, 89 N. Y. at p. 236.

This brief review of the law pertinent to the contention brings me to the consideration of the actual duration of the trust term intended to be limited by the will now before me. Is it for three lives, as asserted by objectant, or are the trust funds held for the various annuitants released pro tanto as each "annuitant" comes to die? If the limitation is clearly open to the sole construction that the corpus of the trust fund is to be held for three lives, it is of course void. Central Trust Co. v. Egleston, 185 N. Y. 23, 77 N. E. 989. But if, on the other hand, the testator's intention was that the trust fund should be released pro tanto on the death of each annuitant, then that construction must be accorded the limitation because it makes for its validity.

But it is argued by objectant that the use of the word "all" in the third subdivision of the sixteenth clause of the will prevents the construction that the testator contemplated the termination of the trust before the death of three annuitants. Certainly in Ahern v. Ahern, 52 App. Div. 356, 65 N. Y. Supp. 81, not cited to me, the ruling did turn on the use of the word "all." But the language of Mr. Butler's will is different from that in Ahern v. Ahern. Mr. Butler's will reads, "after the death respectively of all the above named persons." Now, the use of the word "respectively" by Mr. Butler is to be taken as controlling his intention. It denotes distribution, separation, individuation, or segregation of the trust property. Certainly some such concept was in our testator's mind when he used the word "respectively." Then why defeat his cherished purpose by presuming for that odious thing "a perpetuity." I will never presume for a perpetuity when another and lawful construction of a testamentary limitation is possible. It does not militate against the constitution of several trusts that the capital of the estate is to be kept together, provided the shares are distinct. Vanderpoel v. Loew, 112 N. Y. 167, 181, 19 N. E. 481; Central Trust Co. v. Egleston, 185 N. Y. 23, 29, 77 N. E. 989. The words "after the death * * * of all" are inconsequential to validity here. In order to effectuate the real intention of the testator grammatical rules may be disregarded and words and limitations transposed, supplied, or rejected (Denison v. Denison, 185 N. Y. 438, 78 N. E. 162), a rule I lately applied (In re Jones, 148 N. Y. Supp. 352).

It seems to me that the objectant's argument reads into Mr. Butler's will a perpetuity which he did not contemplate. The will provides, quite unnecessarily in one point of view, that on the death of each annuitant the payment to him shall cease, and the amount set apart to produce the annuity shall fall into the residuary. It is fortunate Mr. Butler did so provide, for it negatives the use of the word "all." Can anything indicate an intended separation of the trusts more clearly than testator's own treatment of the fund productive of the annuities as separate? His inadvertent use of the word "all" in the limitation should not be allowed to defeat so obvious and laudable an intention to

keep the trusts distinct. I think that none of the adjudications cited by counsel are any nearer in principle to my conclusion than those I have cited in support of my conclusion, that the questioned limitation is to be taken as valid and not invalid.

[5] The remaining objection relates to the deduction of $3.31 per month from the outstanding "annuities" in order to amortize the transfer tax paid out of the residuary estate. It seems to me that the testator cannot from his will be taken to have intended that the annuities should be free of tax. The executors' plan of amortization seems to follow the principle laid down for us by Matter of Tracy, 179 N. Y. 501, 72 N. E. 519, and I find no error in it.

Consequently the objection to the payment of the transfer tax in the manner set forth in the account must also be overruled. Settle decree accordingly.