HARLOW W. BAILEY, Appellant, *v.* BUFFALO LOAN, TRUST AND SAFE DEPOSIT COMPANY et 'al., Respondents.

Will — testamentary trusts — when all provisions of a trust must be construed together and stand or fall together — trust provisions of a will construed and held in violation of the statute of perpetuities.

1. Where the trusts in the will are connected together so as to constitute an entire scheme, and the presumed wishes of the testator would be defeated if one portion was retained and other portions rejected, and manifest injustice would result from such construction to the beneficiaries, all provisions of the trust must be considered together and all must fall.

2. This rule applied in this action brought for the construction of one clause of a will quoted in the opinion and for an accounting by trustees, and *held*, that the testator surrounded the disposition of the trust by provisions in violation of the statutes relating to perpetuities and ownership and alienation of personal property; that the predominating purpose for which the trust was attempted to be created was dependent upon the validity of the whole trust, which cannot be carried out, and the entire trust must fall. *Further, held*, that the plaintiff, as residuary legatee, is entitled to the avails of the trust fund; that any payments of income, made by the trustee under the will, to July first subsequent to the commencement of

the action cannot be recovered by the plaintiff from the parties to whom payment was made or their representatives; that the infant defendants had no vested right uuder the fourth clause of the will, and that the Statute of Limitations is not a bar to this action.

*Bailey* v. *Buffalo Loan, Trust & Safe Deposit Co.*, 159 App. **Div.** 933, reversed.

(Argued December 16; 1914, decided January 12, 1915.)

· APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 17, 1913, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

Daniel E. Bailey died at the city of Buffalo about March 3d, 1894, leaving a widow now deceased, and the plaintiff, Harlow W. Bailey, his sole heir at law and next of kin. At the time of the death of the testator, he also left a brother; Alanson C. Bailey, a sister, Caroline E. Blair, since deceased, a friend Mary E. Swain, who died in October, 1899, and at the time of his death the defendant Dorothy Bailey, a daughter of the plaintiff, was then living and of the age of about two years. Subsequent to the death of the testator, there was born to the plaintiff, Harlow W. Bailey, three other children who are now living and the mother of said children, the wife of the plaintiff, Harlow W. Bailey, is still alive. The last child was born on July 27th, 1903.

Daniel E. Bailey left a last will and testament which was admitted to probate by the surrogate of Erie county March 22d, 1894, by the terms of which the plaintiff and the Buffalo Loan, Trust and Safe Deposit Company were designated as executors. Letters testamentary were issued to said executors and they duly qualified as such.

After providing for the payment of debts and funeral expenses, the testator, by the will·in question, gave to his wife the sum of eighty thousand dollars together with household furniture, to his sister Caroline E. Blair the sum of five thousand dollars in addition to all debts,

dues and demands which the testator held against the husband of said Caroline E. Blair. The fourth clause of the will, which is the subject of controversy in this action, is as follows:

"*Fourth.* I direct that bonds of the Toledo Consolidated Street Railroad to the amount of sixty thousand dollars be deposited in trust with the Buffalo Loan, Trust and Safe Deposit Company of Buffalo, N. Y., as trustee, and in case at the time of my decease, I should not be possessed of the above bonds, then the same amount in cash or other good securities be placed in the hands of said Buffalo Loan, Trust and Safe Deposit Company, as a trust fund, the income of which, after paying the expenses of such trust, I direct to be paid as follows: Fifty Dollars per month to my brother, Alanson C. Bailey of Toledo, Ohio, during his natural life; thirty dollars per month to Mrs. Mary A. Swain, of Buffalo, N. Y., during her natural life, and the remainder of said income to my son, Harlow W. Bailey, during his natural life, or until the trust shall terminate, as hereinafter stated. And in case of the death of either of my said brother, Alanson C. Bailey, or Mrs. Mary A. Swain, then their proportions of said income shall be paid to my said son Harlow W. Bailey, and in case of the death of my said son, Harlow W. Bailey, then I direct that his share of said income shall be added to the principal sum of said trust. The principal of said trust fund of sixty thousand dollars, I direct to be held in trust by the said Buffalo Loan, Trust and Safe Deposit Company for the children of my said son, Harlow W. Bailey, and I direct that each child of my said son, Harlow W. Bailey, shall have and receive his or her proportion of said trust fund upon his or her arriving at the age of twenty-one years, and then to take such proportion of said principal sum as the number of children then living and minors shall bear towards the principal sum then undivided, so that if there be three children living when the oldest becomes twenty-one years

of age, such oldest child shall receive one-third of said principal sum of said trust fund, and if another child shall be born after the oldest child has become twenty-one years of age, and shall have received his or her proportion of said trust fund, then the second child shall upon becoming twenty-one years of age, have and receive one-third of the remaining principal of said trust fund. And in case there be no children of my said son, Harlow W. Bailey, living at the time of my decease, or in case the children then living shall die before arriving at the age of twenty-one years, then I direct that the trust hereby created shall continue for twenty-five years from the date of this will, and if at that time there be no children of my said son, Harlow W. Bailey, living, I direct that the trust hereby created shall cease and be determined, and I hereby direct that the principal of said trust fund shall then be paid to my son, Harlow W. Bailey, and the same shall be his property absolutely, and forever, and if at that time my said son, Harlow W. Bailey, shall not be living, then I direct that the principal of said trust fund shall be divided and paid over, share and share alike, to the heirs of my said sister, Caroline E. Blair, of Madison, Ohio. But if there be a child of my said son, Harlow W. Bailey, living twenty-five years from the date of this will, though born after my decease, then said trust hereby created shall continue for the benefit of such child."

By the terms of the residuary clause of the will the testator gave, devised and bequeathed all the rest, residue and remainder of his estate to the plaintiff.

Immediately after the probate of the will, the defendant Buffalo Loan, Trust and Safe Deposit Company, hereinafter mentioned as the trust company, took possession of the assets mentioned in the fourth clause of the will, and retained such possession until about July, 1899, when the bonds were converted into cash and the proceeds reinvested by it. During the time that the trust

company had possession of the bonds or the proceeds of the same, it continued down until July 1st, 1911, subsequent to the commencement of this action, to pay Alanson C. Bailey the sum of six hundred dollars per year, paid Mary A. Swain to the time of her death, October, 1899, the sum of three hundred and sixty dollars per year, and down to said July 1st, 1911, paid to the plaintiff herein the balance of the income received by it, after deducting its commissions, in each instance taking receipts from the parties to whom payments were made.

On or about February 2d, 1895, the executors paid to plaintiff the sum of one hundred and seventy thousand dollars, the amount of the residuary estate, and took from him a receipt in the usual form, consenting to the entry of a decree by the surrogate discharging the executors, and thereafter and on January 29th, 1899, a decree was duly entered discharging the executors as such.

This action was commenced on or about May 19th, 1911, to secure a judgment determining that the fourth clause of the will of Daniel E. Bailey, deceased, be declared illegal and void, and that the sum of sixty thousand dollars held by the trust company together with the interest and accumulations and proceeds thereof be adjudged and determined to belong to the plaintiff, and that the trust company account therefor to plaintiff.

The trust company denied the invalidity of the fourth clause of the will of the testator, and asserted as separate defenses the probate of the will; that plaintiff was estopped by reason thereof from questioning the validity of the same as well as by his acts as one of the executors in administering the estate and the final accounting in the Surrogate's Court, and the setting aside of the securities for the trust company, as well as by his acquiescence in the distribution of income, and further set forth as a defense the Statute of Limitations. The defendant Alanson C. Bailey relied upon the Statute of Limitations as a defense to the action.

34

*Aaron Fybush* and *Frank C. Ferguson* for appellant. The plaintiff had the right to bring this action and is entitled to obtain a judicial construction of the fourth clause of the will purporting to create a trust, he being sole residuary legatee under the will and sole next of kin of the testator. (*Wager* v. *Wager*, 89 N. Y. 161; *Read* v. *Williams*, 125 N. Y. 560; *Kalish* v. *Kalish*, 166 N. Y. 368; *Casey* v. *Casey*, 161 App. Div. 427.) The fourth clause of the will is wholly illegal. (*Colton* v. *Fox*, 67 N. Y. 351; *Tilden* v. *Green*, 130 N. Y. 29; *Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 92; *Matter of Wilcox*, 194 N. Y. 288; *Schettler* v. *Smith*, 41 N. Y. 328; *Knox* v. *Jones*, 47 N. Y. 389, 397; *Hawley* v. *James*, 16 Wend. 121; *Purdy* v. *Hayt*, 92 N. Y. 446; *Haynes* v. *Sherman*, 117 N. Y. 433; *Dana* v. *Murray*, 122 N. Y. 604.) The trust failing, the annuities to be paid out of the trust fund fail with it. (*Colton* v. *Fox*, 67 N. Y. 348; *People's Trust Co.* v. *Flynn*, 188 N. Y. 385.) The appellant has not waived his right to maintain this action, nor is he estopped, if the trust shall be held to be invalid, from insisting that the defendant trust company should account to him for his money wrongfully paid out by it to other persons. (*O'Connor* v. *Gifford*, 117 N. Y. 275.) The Statute of Limitations has not run. (*Giraud* v. *Giraud*, 58 How. Pr. 175; *Decouche* v. *Savetier*, 3 Johns. Ch. 190, 216; *Goodrich* v. *Pendleton*, 3 Johns. Ch. 384; *Coster* v. *Murray*, 5 Johns. Ch. 522; *Murray* v. *Coster*, 20 Johns. 582; *Davis* v. *Davis*, 86 Hun, 400.)

*Lincoln A. Groat* for Buffalo Loan, Trust and Safe Deposit Company, respondent. The judgment appealed from which eliminates the invalid and contingent limitations over contained in the fourth clause of the will in question and sustains the trust to the extent of the valid provisions contained in the first paragraph of said clause, thus effectuating in the main the purposes of the testa-

tor, should be affirmed. (*Kennedy* v. *Hoy,* 105 N. Y. 137; *Haskall* v. *King,* 162 N. Y. 134; *Kalish* v. *Kalish,* 166 N. Y. 368; *Schey* v. *Schey,* 194 N. Y. 368; *Henderson* v. *Henderson,* 113 N. Y. 1; *Schettler* v. *Smith,* 41 N. Y. 328; *Manice* v. *Manice,* 43 N. Y. 303; *Post* v. *Hover,* 33 N. Y. 593; *Mee* v. *Gordon,* 187 N. Y. 410; *Robinson* v. *Martin,* 200 N. Y. 159.) The provisions of the first paragraph of the fourth clause of the will of Daniel E. Bailey, deceased, creating the trust fund in question, when properly construed, in the light of the facts and circumstances as they existed at the time of testator's death, are not illegal and void, and do not unlawfully suspend the power of alienation of said trust fund, but provide for a lawful and valid trust. (*Morton Trust Co.* v. *Sands,* 195 N. Y. 28; *People's Trust Co.* v. *Flynn,* 188 N. Y. 393; *Whitson* v. *Whitson,* 53 N. Y. 481; *Ex parte McComb,* 4 Bradf. 152; *Provost* v. *Provost,* 70 N. Y. 141; *Kahn* v. *Tierney,* 135 App. Div. 897; 201 N. Y. 516; *Buchanan* v. *Little,* 154 N. Y. 147; *Tiers* v. *Tiers,* 98 N. Y. 568; *Crooke* v. *County of Kings,* 97 N. Y. 421.) The provisions of the fourth clause of the will in question constitute a valid and lawful trust during the natural lives of both Alanson C. Bailey and Mary A. Swain, and upon the death of the survivor of them the title to the trust fund in question vests absolutely in the testator's grandchildren then living. (*Crooke* v. *County of Kings,* 97 N. Y. 445; *Kennedy* v. *Hoy,* 105 N. Y. 134.) Plaintiff's cause of action is barred by the Statute of Limitations. (Code Civ. Pro. § 388; *Gilmore* v. *Ham,* 142 N. Y. 1; *Roberts* v. *Ely,* 113 N. Y. 128; *Lammer* v. *Stoddard,* 103 N. Y. 672; *Matter of Smith,* 66 App. Div. 340; *Matter of Rogers,* 153 N. Y. 316; *Matter of Longbotham,* 38 App. Div. 607.) The plaintiff is estopped from maintaining this action. (*Rothschild* v. *Title G. & T. Co.,* 204 N. Y. 464; *Steinway* v. *Steinway,* 163 N. Y. 183; *Williams* v. *Whittell,* 69 App. Div. 340; *Trustees, etc.,* v. *Smith,* 118 N. Y. 634; *Starr* v. *Selleck,* 145 App. Div. 869; 205 N. Y. 545;

*Chipman* v. *Montgomery*, 63 N. Y. 221; *Dunlap* v. *Gill*, 23 Misc. Rep. 418; 39 App. Div. 638; *Matter of Marx*, 117 App. Div. 890; *Matter of Oltmans*, 53 Misc. Rep. 208; *Matter of Russell*, 168 N. Y. 177.) The decree of the Surrogate's Court made upon the petition and release of the plaintiff on the 23d day of January, 1899, ratifying and confirming the accounting had between the executors of the will of Daniel E. Bailey, deceased, and the plaintiff herein, the sole residuary legatee named in said will, and discharging said executors, is a judicial determination that said executors have fully and satisfactorily accounted to the plaintiff for the entire residuary estate of Daniel E. Bailey, deceased, and is *res adjudicata* that the plaintiff has received from said executors the entire residuary estate of his father, to which he is entitled. (Code Civ. Pro. §§ 2514, 2742, 2743; *Chester* v. *Buffalo Car Mfg. Co.*, 183 N. Y. 435; *Altman* v. *Hofeller*, 152 N. Y. 502; *Gill* v. *Brouwer*, 37 N. Y. 551.)

*Frank Gibbons* for Alanson C. Bailey, respondent. Plaintiff's cause of action is barred by the ten years' Statute of Limitations. (Code Civ. Pro. § 388; *Roberts* v. *Ely*, 113 N. Y. 128; *Rundle* v. *Allison*, 34 N. Y. 180; *Mills* v. *Mills*, 115 N. Y. 80; *Hubbell* v. *Medbury*, 53 N. Y. 98; *Lammer* v. *Stoddard*, 103 N. Y. 672; *Yeoman* v. *Townshend*, 74 Hun, 625; *Middleton* v. *Twombley*, 125 N. Y. 520, 524; *Gilmore* v. *Ham*, 142 N. Y. 1.) The trust is valid so long as the life estate of Harlow W. Bailey is concerned and the annuity to this respondent, Alanson C. Bailey, is valid even should such life estate fail to be terminated because in either event his annuity could be computed and paid to him. (*Wells* v. *Rowland*, 155 App. Div. 351; *Schettler* v. *Smith*, 41 N. Y. 328; *Haskall* v. *King*, 162 N. Y. 134; *Manice* v. *Manice*, 43 N. Y. 303; *Kennedy* v. *Hoy*, 105 N. Y. 134; *Schey* v. *Schey*, 194 N. Y. 368; *Hawley* v. *James*, 16 Wend. 60; *Van Schuyver* v. *Mulford*, 59 N. Y. 426; *Cochrane* v. *Schell*, 140

N. Y. 516; *Herzog* v. *Title Guarantee & Trust Co.*, 177
N. Y. 86.)

*H. B. Van Peyma* for Dorothy Bailey et al., respond-
ents.    Plaintiff's right to sue for construction of the will
which he construed in accordance with what he conceived
to be his own interests for over sixteen years is barred by
his laches, acquiescence, the doctrine of stale claims and
by his own consent to administer the will without a con-
struction thereof, except that adopted by plaintiff, in
1894. (*Rome Ex. Bank* v. *Eames*, 1 Keyes, 588; *Chester*
v. *Buffalo Car Mfg. Co.*, 70 App. Div. 443; *Ashe* v.
*Ashe*, 113 N. Y. 232; *Groesbeck* v. *Morgan*, 206 N. Y.
385; *McKechnie* v. *McKechnie*, 3 App. Div. 91; *Calhoun*
v. *Millard*, 121 N. Y. 69; *Conkling* v. *Weatherwax*, 181
N. Y. 267; *Lockwood* v. *Brantley*, 3 N. Y. S. R. 648.) The
action is barred by the Statute of Limitations.  The court
was not called upon to construe this will, and the right to
a judicial construction thereof has been barred by time
and statute, in the absence of allegation and proof showing
a necessity therefor.    (*Gilmore* v. *Ham*, 142 N. Y. 1;
*Matter of Smith*, 66 App. Div. 340; *Matter of Rogers*,
153 N. Y. 316; *Matter of Longbotham*, 38 App. Div. 607;
*Roberts* v. *Ely*, 113 N. Y. 128; *Matter of Neilley*, 95 N. Y.
382.)  Even if in part obnoxious to the statute, the will
of Bailey should be upheld as creating a trust for the
benefit of his only son, resulting in the ultimate pro-
tection of the infants. (*Henderson* v. *Henderson*, 113
N. Y. 16; *Kalish* v. *Kalish*, 166 N. Y. 374; *Becker* v.
*Becker*, 13 App. Div. 345; *Schermerhorn* v. *Cutting*, 131
N. Y. 48; *Oxley* v. *Lane*, 35 N. Y. 340.)

HOGAN, J.   Upon the first trial of this action the trial
justice held (75 Misc. Rep. 23) that the fourth clause of
the will of the testator was void, and judgment was
accordingly entered requiring the trustee to pay over to
the plaintiff the trust fund and accumulations thereof
then on hand.

·· Upon appeal from that judgment, the Appellate Division held (151 App. Div. 166) that the provision of the will in question for the children of the plaintiff contravened the statute against perpetuities; that the provision for the continuance of the trust for twenty-five years with limitation over was unlawful; that the provision for Alanson C. Bailey and Mary A. Swain were annuities chargeable against the income, and that the trust fund need not on that account be extended beyond the life of the plaintiff, as the present value of the annuities could be ascertained at his death, paid, and the fund freed from the claims of the annuities, and the remainder might then be distributed under the residuary clause of the will; that as to the surviving annuitant, Alanson C. Bailey, Mrs. Swain being dead, whatever grounds had theretofore existed for questioning the provision to Alanson C. Bailey were removed by the death of Mrs. Swain, and the trust having been thereafter continued for years and recognized by plaintiff as valid, his acts, while not amounting to an equitable estoppel, were sufficient to support a finding that after the death of Mrs. Swain the plaintiff waived any objection to the validity of the provision of the will for the surviving life annuitants and thereby confirmed the original trust to the life beneficiaries, so there was now a valid and existing trust for their benefit as the will provides except as to the provision for Mrs. Swain which had been fully carried out. The judgment was reversed and a new trial ordered.

Upon the retrial of the case, the trial justice found as matter of law:

"That the fourth clause of the will attempts to suspend the absolute ownership of the trust fund referred to therein and made the subject of the trust for a period beyond the termination of two lives in being at the death of the testator.

"That the fourth clause of the will attempts to suspend the power of absolute alienation of the fund that is

BAILEY *v.* BUFFALO L., T. & S. D. Co.    535

made the subject of the trust for a period beyond the termination of two lives in being at the death of the testator.

"That the fourth clause of the will contains directions for the accumulations of income for periods and for purposes not sanctioned by either the first or second subdivisions of section sixteen of the Personal Property Law."

The court further found that the question of the validity of the fourth clause of the will was not in any manner involved in the proceeding for the probate of the will or in the proceeding by which the executors were discharged as such; that the provisions of the will, so far as the same provided for the payment of income to Alanson C. Bailey and Mary A. Swain, having been fully executed as to the provision for Mary A. Swain up to the time of her death in October, 1899, and thereafter the trust having been continued without objection for upwards of eleven years and administered according to the terms and provisions of said will and recognized by the plaintiff as a lawful and valid trust, constituted a valid and lawful trust for the surviving life beneficiaries named in said will, Harlow W. Bailey and Alanson C. Bailey, consequently any legal objections the plaintiff might have urged against the validity of the trust created by the fourth paragraph of the will as constituting an unlawful suspension of the power of alienation prior to the death of Mary A. Swain, have been waived and abandoned by him, and by his acquiescence in the administration of said trust fund after the death of Mary A. Swain he had ratified and confirmed the original trust and yielded to the trustee and the life beneficiaries their respective rights therein as defined by the provisions of the will. The complaint was dismissed upon the merits. The judgment entered was unanimously affirmed by the Appellate Division.

Counsel for the trust fund in his brief concedes that the provisions contained in the will relating to the holding of the trust fund in certain remote contingencies for a

period of twenty-five years, and the contingent limitations over, are illegal and void, but asserts that the illegal and void provisions have no relation to the primary trust for the benefit of the plaintiff and his children and are separable therefrom.

Counsel for the respondent Alanson C. Bailey makes the same concession in the brief presented in his behalf and insists that the illegal portion of the fourth clause of the will may be separated from the earlier clause and the latter provision for the payment of an annuity to Alanson C. Bailey be sustained.

The guardian *ad litem* filed a brief in which he urges estoppel by plaintiff by reason of laches and acquiescence. He also adopted the argument presented by the briefs of the co-respondents and urged that the will should be upheld as creating a trust for the benefit of plaintiff which would result in the ultimate protection of the infants.

All of the respondents plead the Statute of Limitations.

We concur in the conclusion of the trial justice that the fourth clause of the will of the testator is invalid in that it contravenes the statute inhibiting the suspension of the absolute ownership of the fund of $60,000 for a period of more than two lives in being at the time of the death of the testator. In view of that determination in connection with the concession of counsel for the respective respondents it will be only necessary to treat of the remaining questions decided by the trial justice which were affirmed by the Appellate Division.

The clause of the will of Mr. Bailey as the same appears in the record is embodied in a single paragraph and must be considered as a whole. The rule is well established that when some of the trusts in a will are legal and some illegal, if they are connected together so as to constitute an entire scheme, so that the presumed wishes of the testator would be defeated if one portion

was retained and other portions rejected, or if manifest injustice would result from such construction to the beneficiaries or some of them, then all of the trust provisions must be construed together and all must be held illegal. (*Manice* v. *Manice*, 43 N. Y. 303; *Knox* v. *Jones*, 47 N. Y. 389; *Van Schuyver* v. *Mulford*, 59 N. Y. 426; *Kennedy* v. *Hoy*, 105 N. Y. 135; *Tilden* v. *Green*, 130 N. Y. 29.)

Respondents ask us to apply the rule which permits unlawful trusts to be eliminated from a will, and those which are lawful to be enforced. The court will at all times give full effect to the intention of the testator, provided always that such intent does not violate provisions of the statutes or well-established principles of law. It is not permissible for the court to violate the intention of the testator or interfere with the general plan created by the testator for the disposition of his property.

An examination of the will discloses that the intention of the testator was to provide generous bequests to his wife and his sister, and the residue of his estate to his only child, the plaintiff in this action, who was then married and had one child about two years of age. His paramount purpose in the creation of the trust fund was to provide for his grandchildren living at the time of his death or thereafter born, the income from the same to be paid fifty dollars per month to his brother, Alanson C. Bailey, during his life, thirty dollars per month to Mary A. Swain, a friend, during her life, and the remainder of the income to the plaintiff during his natural life " *or until the trust shall terminate as hereinafter stated.*" In the event of the death of Alanson C. Bailey or Mary A. Swain, their proportions of the income were to be paid to the plaintiff, but in case of his death his share was to be added to the principal sum of the trust. The scheme of a distribution of income, as will be observed, was to pay over the same during a period extending beyond the termination of two lives in being at the tes-

tator's death unless the trust should terminate as there-
after stated in the will, which termination is provided for
in a later portion of said fourth clause as follows: "In
case there be no child of my said son Harlow W. Bailey
living at the time of my decease, or in case the children
then living shall die before arriving at the age of twenty-
one years, then I direct that the trust hereby created shall
continue for twenty-five years from the date of this will,
and if at that time there shall be any children of my said
son Harlow W. Bailey living I direct that the trust hereby
created shall cease and be determined."

The principal of the trust sought to be created was to be
held for the children of the plaintiff, each child to receive
his or her proportion upon attaining the age of twenty-
one years, the proportion to be dependent upon the num-
ber of children, minors, then living. The right of any child
or children of the plaintiff to a portion of the principal
was contingent upon each child attaining the age of
twenty-one years. As minors the child or children of
plaintiff would not be entitled to a distributive share of
the fund. The death of any of said children during his
or her minority would not result in an estate therein
descendible as the interest of such child in the fund
was contingent, rather than a vested remainder in the
same.

The trust for a payment of the income of the trust fund
was subordinate to the disposition made of the principal,
consequently the creation of the trust fund and disposi-
tion of the same, both income and principal, was so closely
allied that they are inseparable. The testator in his
earnestness to provide for his grandchildren surrounded
the disposition of the trust by provisions in violation of
the statutes relating to perpetuities and ownership and
alienation of personal property. As the predominating
purpose for which the trust attempted to be created was
dependent upon the validity of the whole trust, which
cannot be carried out, the trust as to the income must also

fall.   It is not permissible to eliminate language of a will so closely intermingled with the general plan the same was intended to cover, to make and thereby create a valid trust, where the clause of the will seeks to establish a trust which by its provisions is wholly invalid.   (*Central Trust Co. of N. Y.* v. *Egleston,* 185 N. Y. 23.)

The suggestion that the income provided for Mary A. Swain having been paid to her down to the time of her death, and thereafter the trust having been administered according to the terms of the will, without opposition on the part of plaintiff, constituted the trust sought to be created a lawful trust for the surviving life beneficiaries, cannot be sustained.   Such was not the expressed intent of the testator.   The validity of the trust must be determined as of the time of the probate of the will, rather than after the death of one of the beneficiaries named therein.   (*Matter of Wilcox,* 194 N. Y. 288.)   The court is powerless to make valid a provision in a will which in its inception contravenes the statute, and which it had found as matter of law did violate the provisions of the statute.

The defendants cannot defeat this action upon the ground of estoppel by reason of the proceedings in the Surrogate's Court upon the probate of the will and the decree on the final accounting in connection with the alleged acquiescence of plaintiff in the distribution of the income.   Upon the probate of the will or upon the final accounting by the executors, the surrogate was not asked to, neither did he construe the provisions of the will of the testator.   The only issues determined by the surrogate were, *first,* the capacity of the testator to make a will and that the same was properly executed; *secondly,* that the executors had properly accounted for all of the property of the testator.

The right of plaintiff to the amount of the trust fund as residuary legatee by reason of the invalidity of the fourth clause of the will was not an issue before the surrogate

or determined by him in either of the proceedings. The decrees made by the surrogate did not involve the questions at issue in this action, and were not operative as an estoppel. (*Rudd* v. *Cornell*, 171 N. Y. 114.)

The decree upon the accounting is conclusive upon the plaintiff upon the distribution of the funds of the estate up to the time of the entry of the same, and equity requires that the income of the trust fund distributed by the trustee down to July 1st, immediately subsequent to the commencement of this action should remain unquestioned by him. The trial justice found as matter of fact "that in making the payments to Alanson C. Bailey and Mary A. Swain, the defendant trust company did not consult plaintiff and received no express directions from him to make said payments."

That the plaintiff did not earlier discover his legal rights and contest the validity of the fourth clause of the will by the terms of which the trust was sought to be established is not sufficient to defeat the action. Under the circumstances of this case the Statute of Limitations is not a bar to the maintenance of this action in favor of any of the defendants.

The trust company insists upon its right to hold the fund and distribute a portion of the income to the respondent Alanson C. Bailey. The subject-matter of this action is to compel the trustee to account by reason of the invalidity of the fourth clause of the will. The trust being void, the trustee holds the fund for the persons to whom the law or other provisions of the will give undisposed property to. (*O'Connor* v. *Gifford*, 117 N. Y. 275.)

As such trustee, the trust company cannot assert any claim adverse to the *cestui que trust* or deny his title. It does not hold the fund under any claim of ownership. As the attempted trust was invalid the funds constituting the same passed under the will to the plaintiff as residuary legatee. As against him the trust company has no claim or right to the fund. It will be protected in a payment

of the fund to the plaintiff by the judgment of the court. Had it held the fund and accumulations for a period of eleven years, could it as trustee retain the same as against the beneficiaries by reason of the Statute of Limitations? That question is susceptible of but one reply. (*Matter of Camp,* 126 N. Y. 377; *Zebley* v. *Farmers' L. & T. Co.,* 139 N. Y. 461; Perry on Trusts [6th ed.], § 433.)

In favor of the infant defendants the Statute of Limitations is not a bar. Under the terms of the will they were not possessed of a vested interest in the attempted trust fund. They had merely a contingent interest in the same which might never mature into a vested estate.

The defendant Alanson C. Bailey cannot defeat the right of the plaintiff to an accounting by the trustee and a construction of the will by reason of the Statute of Limitations. The income received by him was paid to him by the trust company without consultation with or the direction of the plaintiff.

In *Read* v. *Williams* (125 N. Y. 560, 566) Judge ANDREWS writing for this court, referring to the jurisdiction of a court of equity to entertain an action in behalf of the next of kin of a testator for the construction of a will disposing of personal estate, where the disposition made by the testator was claimed to be invalid, said: "It is true that in such cases the next of kin claim in hostility to the will, but the executors, in case the disposition made by the testator is invalid or cannot take effect, hold the personalty upon a resulting trust for those entitled under the Statute of Distributions, and thereby the jurisdiction to bring an equitable action for construction and to have the resulting trust declared by the court attaches as incident to the jurisdiction of equity over trusts. The Code of Civil Procedure (§ 1866) has extended the remedy so as to include suits for construction of devises in behalf of heirs claiming adversely to the will,

and it would not be consistent with the spirit of this legislation to narrow the jurisdiction in cases of bequests of personalty."

Applying the principle of law stated in that case to the case at bar we conclude that the trust company holds the fund in controversy upon a resulting trust for the plaintiff as the residuary legatee under the will of the testator. The plaintiff seeks in this action to compel the trustee to account to him for that fund by reason of the invalidity of the fourth clause of the will. The plaintiff, beneficiary of such fund, has a continuing right to maintain such action so long as any portion of the fund or the accumulations thereof remain undisposed of and unaccounted for by the trustee. (*Miner* v. *Beekman*, 50 N. Y. 337; *De Forest* v. *Walters*, 153 N. Y. 229; *Lammer* v. *Stoddard*, 103 N. Y. 672.)

We, therefore, determine, *first*, that the fourth clause of the will was invalid and in contravention of the statute against perpetuities and the ownership and alienation of personal property; *second*, that the plaintiff herein as residuary legatee under the will of Daniel E. Bailey is entitled to the avails of the trust fund now in the hands of the defendant Buffalo Loan, Trust and Safe Deposit Company, together with any accumulations thereon from the first day of July subsequent to the commencement of this action, after the deduction of legal commissions to which the trust company is entitled for the disposition of said fund; *third*, that the defendant Alanson C. Bailey is not entitled to any further payments under the will of Daniel E. Bailey, but is entitled to hold and retain the income paid to him down to July 1st, subsequent to the commencement of this action; *fourth*, that the plaintiff is not entitled to recover from Alanson C. Bailey or the representatives of Mary A. Swain any income from the trust fund paid under the will of Daniel E. Bailey to either of said parties prior to the first day of July subsequent to the commencement of this action; *fifth*, that

the infant defendants had no vested right under the fourth clause of the will of Daniel E. Bailey.

The judgments of the Appellate Division and Trial Term should be reversed, and the case remanded to the Trial Term for a decision and judgment directed in accordance with this opinion, with costs to the plaintiff and guardian *ad litem* in all courts, payable out of the fund.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, MILLER, CARDOZO and SEABURY, JJ., concur.

Judgment accordingly.