In the Matter of the Petition of J. ARTHUR KEESEY to Render and Settle His Account as Executor, etc., of DAVID M. DRURY, Deceased.

J. ARTHUR KEESEY, as Executor, etc., of DAVID M. DRURY, Deceased, and Others, Appellants; MARY RUSSELL, Also Known as MAY G. CLYDE, and Another, Respondents.

Second Department, January 27, 1928.

**Wills — construction — trust construed to suspend power of alienation unlawfully, in violation of Personal Property Law, § 11, and Real Property Law, § 42 — entire trust fails.**

Testator devised one-half of his residuary estate in trust for the benefit of a daughter until her death, and upon her death the principal to be paid equally to two grandchildren unless the daughter should die before the expiration of three years after the death of the testator, in which event the grandchildren should receive the income therefrom until the expiration of the three years after the testator's death. The will also provided that if one of the grandchildren should die before the testator's daughter, such share should be paid to the surviving wife, child or children of said grandchild in equal shares, and in default thereof to the trustees of the Masonic Hall and Asylum Fund. The other half of the residuary estate was to be held in trust for the benefit of the two grandchildren for a period of three years after testator's death, at which time it was to become their prop-

37

erty absolutely, with the proviso, however, that if either.grandchild predeceased the testator or died before the expiration of three years after decedent's death, said share should be added to the trust created for the benefit of the daughter, and upon the death of the daughter paid to the surviving wife, child or children of the grandchild, or in default thereof to the trustees of said Masonic Hall and Asylum Fund.  The testator was survived by his daughter and two grandchildren.

The trusts created for the benefit of the grandchildren are invalid because they are not measured by two lives in being but by a definite period of three years, and, therefore, they violate section 11 of the Personal Property Law and section 42 of the Real Property Law.

The provisions of the trust created for the benefit of the daughter are not so independent that they may be separated from the provisions regarding the remainder interests for the benefit of the grandchildren, and, therefore, held to be valid, for to do so would change the general testamentary scheme of the instrument.

The remainder interests of the trust could not vest absolutely in any person at the testator's death, and hence the doctrine of acceleration cannot be applied, and the entire trust fails.

LAZANSKY, P. J., and YOUNG, J., dissent.

APPEAL by J. Arthur Keesey and others from a decree of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on the 21 day of April, 1927.

*James H. Marsh* [*Frederick N. Van Zandt* with him on the brief], for the appellant, executor.

*John A. Dutton,* for the appellant Trustees of Masonic Hall and Asylum Fund.

*Gustave B. Garfield* [*Maurice V. Seligson* with him on the brief], for the respondents.

Decree of the Surrogate's Court of Kings county affirmed on opinion of WINGATE, S., with costs payable out of the estate to all parties appearing and filing briefs.

RICH, HAGARTY and CARSWELL, JJ., concur; LAZANSKY, P. J., and YOUNG, J., dissent upon the ground that the rule against perpetuities was not violated, because the trust term in each instance is not made dependent upon any other limitation than that of the two named, Mary and the grandchild, dying before the end of the three-year period.

The following is the opinion of the surrogate:

WINGATE, S.   On the accounting of the executors a construction was requested as to the validity of the trusts created by the 9th paragraph of the will of the deceased.  The general testamentary scheme embodied in said paragraph is as follows: A trust of one-half the residuary estate is created for the benefit of a daughter, Mary Russell, until her death.   Upon the death of said daughter the

principal is to be paid, share and share alike, to Elmer M. Russell and John Edwin Russell, unless the daughter should die before the expiration of three years after the death of testator, in which event said grandchildren shall receive the income therefrom until the expiration of three years after testator's death, when the principal is to be paid them equally. It is further provided that in the event either of said grandchildren die before testator's daughter said share is to be paid to (a) the surviving wife, child or children of said grandchild in equal shares; (b) in default of wife or children to the trustees of the Masonic Hall and Asylum Fund. The remaining half of the residuary estate was to be held in trust for the benefit of Elmer M. Russell and John Edwin Russell for a period of three years after testator's death, at which time it was to become the absolute property of said grandchildren in equal shares, provided, however, that if either of said grandchildren predeceased testator, or before the expiration of three years after testator's death, said share of the one so dying was to be added to the trust created for the benefit of the daughter, and upon the death of the daughter to be paid to (a) the surviving wife, child or children of said grandchild; (b) in default of wife or child or children to the trustees of the Masonic Hall and Asylum Fund. The testator was survived by his daughter and the two grandchildren above mentioned. A will speaks as of the time of testator's death, and, whether or not it violates the statutes against perpetuities, must be determined as of that date. " The settled rule is that ' in determining the validity of a trust and whether testamentary dispositions contravene the statute forbidding the suspension of the absolute ownership of personal property for more than two lives in being, we must consider not what has actually happened since the death of the testator, but what might have happened.' " (*Matter of Horner,* 237 N. Y. 489, 502.) The trusts created for the benefit of the grandchildren are invalid, because the trusts are measured not by two lives in being, but by a definite period of three years. (*Brown* v. *Quintard,* 177 N. Y. 75; Pers. Prop. Law, § 11; Real Prop. Law, § 42.) The remainder interests upon the termination of the trusts fluctuate according to varying circumstances and it cannot be said that there was any one definitely ascertained to take such remainder at the time of the death of the testator. The provisions of the trust created for the benefit of the daughter are not so independent and separable from the provisions regarding the remainder interests for the benefit of the grandchildren, which might be measured by a fixed period of time, that the latter may be eliminated from the will and the valid part given effect without changing the general testamentary scheme embraced in the

instrument.   (*Bailey* v. *Buffalo L., T. & S. D. Co.*, 213 N. Y. 525.) Nor could the remainder interests of this trust be said to vest absolutely in any person at testator's death, and, therefore, the doctrine of acceleration cannot be applied, and it must be held that the trust fails.   It, therefore, follows that the testator died intestate as to all property attempted to be disposed of by the 9th paragraph of his will.   Submit decree on notice accordingly.