## In the Matter of the Estate of MATTHEW M. LOORAM, Deceased.

Surrogate's Court, New York County, November 3, 1932.

*Arthur T. O'Leary*, for Isabel Looram.

*William P. Schoen*, special guardian.

*William P. Cavanaugh*, for the executors.

*Griffith & Content*, for Dorothea Looram and others.

*Davisson & Manice*, for Matthew J. Looram.

*William C. Orr*, for Home for the Aged of the Little Sisters of the Poor.

*John T. Magan*, for New York Foundling Asylum.

*Holley & Oxenberg*, for the legatee.

O'BRIEN, S. The decree admitting the will and two codicils of the decedent to probate reserved for future consideration the construction of certain paragraphs in these instruments. The validity of these provisions of the will and codicils are now before the surro-

gate for determination. The testator left him surviving his widow, three daughters, Dorothea, Alvina and Alice, a son, Matthew, and a grandson, Lucien, the infant son of his deceased son, Lucien A. Looram. By the first five paragraphs of his will the testator bequeathed $10,000 each to four religious institutions and a near friend. By the sixth paragraph of his will he bequeathed to his wife, and to each of his children who survived him, the sum of $10,000. The seventh, or residuary clause, bequeathes his entire residuary estate in trust for the following purposes: " (1) To divide the same into equal shares, one equal share for my wife, Isabel, and one equal share for each of my children living at the time of my death.

" (2) To hold one of such equal shares on a separate trust for my wife, Isabel, and for each of my children, who survive me, to collect and receive the rents, income and profits thereof and to pay or apply to the use of my said wife, Isabel, and of my said children the net income derived from the share so held in trust for each of them, said income to be paid to them quarter annually until each of them shall die and upon the death of my wife, Isabel, and upon the death of any of my said children leaving lawful issue except the issue of my son Matthew J. Looram to convey, transfer and pay over the share so held in trust for the one so dying to his or her lawful issue him or her surviving in trust nevertheless until the death of my last surviving child in being at the time of my death when the remaining principal will be paid over absolutely in equal shares, such issue to take *per stirpes* and not *per capita*, except that upon the death of my son Matthew J. Looram, the principal of the trust held for him shall not be continued or paid over to his issue but shall be divided equally and paid over to my other children then surviving or their lawful issue if dead *per stirpes* in trust nevertheless until the death of my last surviving child. It being my intention by this provision that the trust created herein in favor of my son Matthew J. Looram, shall be terminated as to him upon his death and at that time the principal of said trust shall not be paid to the issue of my said son Matthew J. Looram, but shall revert to and be paid in equal shares in trust to my then surviving children or their issue. In the event of the death of my wife, Isabel, or of any of my said children without leaving lawful issue him or her surviving, to convey, transfer and pay over the share so held in trust for the use of the one so dying in equal shares to my wife, Isabel, and my other children or their lawful issue if dead *per stirpes* then surviving in trust nevertheless until the death of my last surviving child, upon the death of my last surviving child in being at the time of my death, the remaining principal of said trust shall be distributed

and paid over absolutely to the issue of my children except the issue of my son Matthew J. Looram in equal shares said issue to take *per stirpes* and not *per capita;* in the event of the death of all my children without leaving issue them surviving, except in the case of the issue of my son, Matthew J. Looram, for which directions have already been made, then and in that event I hereby direct that the remaining principal of the trusts herein created shall be divided equally and paid absolutely to the New York Foundling Hospital of the City of New York or its successor, and the Little Sisters of the Poor Home for the Aged, or its successor in equal shares."

I hold that despite the language in the first part of paragraph seventh whereby the testator stated he wished to create separate trusts, the testamentary scheme of the testator has resulted in postponing the vesting of the remainder limited on each of the six lives of his wife, four children and his grandson until the death of the survivor of them.

Throughout paragraph seventh the testator expressly provides for the continuance of each trust until the death of the survivor of his wife, children and grandson. This conclusion is amply sustained by reference to the latter provisions of paragraph seventh, whereby the testator bequeathed, upon the death of all his children without issue, " the *remaining principal of the trusts* herein created " to two charitable institutions.

I hold further that this scheme of the testator violates the statute against perpetuities and that the trusts of his residuary estate attempted to be created by his will and codicil are invalid. It follows, therefore, that as to his residuary estate the testator died intestate. The courts of this State in endeavoring to give effect to the intention of testators as expressed in their wills, have separated the valid provisions of attempted trusts from the invalid, and have sustained the trusts to that extent. But in each instance this result was reached only where the valid provisions could be separated from those that were invalid without doing violence to the testamentary scheme of the testator. In the instant case resort cannot be had to such judicial surgery. It is not even possible here to sustain the primary life estates and to declare the ulterior provisions invalid. Were this done the surrogate would be compelled to find that the testator died intestate as to each remainder limited on the separate lives above mentioned. The ultimate distribution of the estate under these circumstances would do such violence to the testator's testamentary scheme, and would be so unjust to the objects of his bounty, that this disposition of the question before me cannot be adopted.

Considering the residuary clause of the will as a whole, the valid and invalid trust provisions are so connected and interwoven as to constitute an entire scheme that cannot be lawfully sustained. (*Bailey* v. *Buffalo L., T. & S. D. Co.*, 213 N. Y. 525; *Central Trust Co.* v. *Egleston*, 185 id. 23.)

Submit decree on notice construing the will accordingly.