In the Matter of the Estate of DAVID FEINER, Deceased.

Surrogate's Court, Kings County, April 12, 1943.

*Weinstein & Levinson* for Annie Feiner et al., as executors of David Feiner, deceased, petitioners.

*Alexander & Green* for Equitable Life Assurance Society of the United States, respondent.

*George Rosling,* special guardian.

McGarey, S. This proceeding was instituted pursuant to section 205 of the Surrogate's Court Act by the executors of the decedent for the purpose of recovering the proceeds of fourteen retirement annuity policies issued to decedent by the Equitable Life Assurance Society of the United States (hereinafter referred to as Equitable).

The decedent died on June 15, 1942, survived by a widow and two children, one an adult, and the other, an infant. He left a will dated December 7, 1932, which was admitted to probate on July 21, 1942, letters testamentary issuing thereunder to the widow and decedent's attorney, the named executors. The widow is the sole legatee under the will.

On June 7, 1938, the decedent entered into a written agreement with the Public National Bank and Trust Company (hereinafter referred to as Public Bank). By the terms of this agreement Public Bank was appointed trustee of an insurance trust thereunder as to the proceeds of thirty-nine insurance policies, including the fourteen Equitable annuity policies in question in this proceeding. The agreement provided for payment of the proceeds of such policies to Public Bank as trustee for the

benefit of decedent's wife, during her life, with secondary trusts as to one half of the unexpended principal, upon her death, for each of decedent's daughters, with remainder to their issue. The decedent as settlor expressly reserved the right to revoke the agreement and trust thereby created.

The decedent thereafter changed the beneficiary in each of the policies to Public Bank as trustee and caused such change of beneficiary to be so indorsed on each policy by the respective insurers. The policies were then delivered to Public Bank.

On November 28, 1941, testator by written instrument revoked the agreement and trust therein created, exercising the right expressly reserved to him. Public Bank acknowledged, then as well as now, that the agreement had been validly and effectively revoked and returned to the decedent all of the policies of insurance. Decedent, however, failed to notify any of the insurance companies of the revocation of the agreement, and caused no further change of beneficiary to be made in any of the policies, so that at the date of his death, Public Bank as trustee appeared on the face of all of the policies (including the fourteen annuity policies) as the named beneficiary thereof.

At the date of decedent's death there was payable on said fourteen Equitable annuity policies the aggregate sum of $59,858.88 subject to certain minor adjustments. One half thereof, or $29,346.23, has been paid to the executors upon the express consent of the adult child. The remaining half is retained by Equitable subject to determination as to the person or persons entitled thereto. Equitable, by its answer, denies that the executors are entitled to the proceeds of the policies. The special guardian appointed for the infant daughter of decedent, by his answer, likewise denies the claim of the executors to the proceeds of the policies and affirmatively claims that his ward is entitled to share therein to the extent of one half of the aggregate amount due.

Equitable and the special guardian base their respective contentions upon the so-called " children's clause " which is contained in each of the fourteen policies and reads as follows: " If the executors or administrators of the Annuitant be not expressly designated as beneficiary, any part of the Death Benefit payable hereunder with respect to which there is no designated beneficiary living at the death of the Annuitant and no assignee entitled thereto, will be payable in a single sum to the children of the Annuitant who survive the Annuitant, in equal shares, or should none survive, then to the Annuitant's executors or administrators."

The executors rely upon a prior decision of this court in *Matter of Goldowitz* (145 Misc. 300). The special guardian in this proceeding and Equitable both contend that the *Goldowitz* case is not an exact precedent determining the issues here upon the merits. With this contention the court agrees.

While it is true that the facts in this case are similar to those in that proceeding and the policies in question were issued by the same company and contain substantially the same provisions, nevertheless, there were factors present in the *Goldowitz* case which readily distinguish the instant proceeding from it. In the *Goldowitz* case the children of the decedent, all of whom were of full age, were parties to the proceeding but did not urge or assert their rights under the so-called "children's clause." Moreover, Equitable by its answer merely denied that it was indebted to the estate and asserted that the policies provided for the payment of the proceeds to beneficiaries other than the insured's estate and that it was entitled to make payment as provided in such policies and not otherwise, and asked that the relief prayed for in the petition be denied. In its memorandum in support of its answer it stated that if the trust was sustained and the court determined that no valid revocation thereof had been effected, it was not interested in the dispute as to who eventually received the proceeds of the policies and asked that the proceedings be dismissed as to Equitable. Accordingly, there was no controversy between the beneficiaries under the "children's clause", namely, the children, and the estate, as the children themselves did not press their claims as against the right of the executrix to receive the proceeds of the policies. Nor did Surrogate WINGATE comment upon or discuss the effect of the "children's clause" in any portion of his opinion (145 Misc. 300, *supra*).

In this proceeding the adult child has specifically consented to the payment of her share of the proceeds of the policies to the executors, but the special guardian, on behalf of the infant child, has urged the right of his ward to one half of the proceeds of the policies under the "children's clause."

In the *Goldowitz* case the court held that the mere naming of a person as trustee did not constitute him as such until he accepted the appointment, and under the same reasoning this court holds that in this proceeding the Public Bank having renounced any rights as trustee to the proceeds of the policies is not entitled to the payment thereof, which results in there being no designated beneficiary under the policies in view of the revocation of the trust by the decedent. In the *Goldowitz* case

the validity of the revocation of the trust was upheld; in the present proceeding the parties have conceded the proper revocation of the trust, which concession is in accordance with the facts and the law. In the *Goldowitz* case the court directed payment of the proceeds to the estate in the absence of an assertion by the children of their superior right to the same. In this case the infant child has asserted its superior right to the payment of the proceeds of the policies. In the *Goldowitz* case the court properly disposed of the contention of Equitable that it had no jurisdiction to direct its payment of the fund there in question by overruling such contention and holding that since the statutory revision in 1914 it did possess such jurisdiction. This court is in full agreement with that ruling and herewith holds that it has complete jurisdiction under sections 40 and 205 of the Surrogate's Court Act to determine the persons entitled to the fund here in issue.

These are the only issues which were raised or determined in the *Goldowitz* case and all of them are applied to the facts in this case and a similar result obtained except that the issue raised herein by the infant child, which was not raised in the *Goldowitz* case, is sustained in favor of such infant child.

The " children's clause " contains two conditions. The first, that " the Executors or Administrators of the Annuitant be not expressly designated as beneficiary ", has been met. The second requires that there be no " designated beneficiary living at the death of the Annuitant and no assignee entitled thereto."

The petitioners argue that there is a designated beneficiary, the Public Bank, living, because its corporate existence continues.

Public Bank, as the designated beneficiary has expressly consented to payment of the proceeds of the policies to the executors and has admitted that the trust agreement under which it derived its right to the proceeds of the policies has been completely and validly revoked and that it is not the designated beneficiary of the proceeds of the policies. The effect thereof is the same as if the designated beneficiary had predeceased the annuitant, and there was no designated beneficiary living at the date of his death.

" Designated " implies an action of selection by the insured. Within the fair intendment of the phrase " designated beneficiary " such person should be one entitled legally or equitably to the ownership, outright or in trust, of the proceeds of the policy. When the insured has revoked such designation in fact, the designated beneficiary is no longer his choice or selec-

tion to receive the property. Similarly where the designated beneficiary is a trustee under a trust agreement and the trust is revoked and no further trust created there is in effect no designated beneficiary. No one claims any rights for the designated beneficiary in the proceeds of the policies except the petitioners, who assert merely that it has sufficient status to enable it to act as a convenient channel for the transfer into the estate of the fund. This contention of petitioners is based upon the equitable theory of resulting trust.

A resulting trust is defined in the Restatement of the Law of Trusts, at page 1244, as follows: " A resulting trust arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein and where the inference is not rebuttable *and the beneficial interest is not otherwise effectively disposed of.* Since the person who holds the property is not entitled to the beneficial interest, *and since the beneficial interest is not otherwise disposed of,* it springs back or results to the person who made the disposition or to his estate, and the person holding the property holds it under a resulting trust for him or his estate.'' (Italics supplied.)

An express trust was here created valid in every respect. Its complete revocation was concededly validly accomplished. The change of beneficiary in the policies was through fault alone of the insured not effected. The policies however provide an alternate disposition of the proceeds thereof which unquestionably would here have prevailed had the merely technical requirement of change of beneficiary without new designation of beneficiary been made. The beneficial interest in the trust *res* was thereby " otherwise effectively disposed of " within the above definition of resulting trusts. If the Public Bank were here claiming to be entitled to the proceeds as against the estate representative, and the " children's clause " were absent, resort to the theory of resulting trusts would be justifiable. The facts of the instant case, however, not only do not warrant application of this equitable principle, but its use here would be improper.

Several of the cases cited in the briefs of the parties require brief comment.

In *Prudential Ins. Co. of America* v. *Bloomfield Trust Co.* (104 N. J. Eq. 372) the insured changed the beneficiary of a policy of life insurance issued to him by Prudential, payable to his wife, to Bloomfield Trust Company as " beneficiary

trustee.'' Thereafter he executed a will by which he gave his residuary estate to said bank in trust for his widow for life. He handed both the policy and the will to a trust officer of said bank for safe-keeping and without explanation. No trust was declared by the insured as to the insurance proceeds in any manner whatsoever.

Upon the death of the insured, his widow claimed the proceeds of the policy. All that was there determined was that the change of beneficiary effected a valid revocation of the prior designation of the wife as beneficiary of the proceeds. The failure to validly declare a trust as to the proceeds of the policy was stated to be of no concern to the widow, for upon an imperfect trust the law raises a resulting trust, which in this case was declared to be in favor of the insured's executors. Application by the court of the doctrine of resulting trusts was justifiable for there was an unintended failure of the trust and no alternate disposition made of the fund.

The case of *Equitable Life Assur. Soc.* v. *Janssen* (14 N. J. Mis. R. 837) dealt with an analogous factual situation to that here presented and likewise with policies containing a '' children's clause.'' A companion cause of action involving the same parties, except for the insurer, was heard at the same time and the decision covers both actions. In the latter action the policies of insurance had been issued by the Massachusetts Mutual Life Insurance Company and expressly provided: If any beneficiary die before the insured, the interest of such beneficiary will vest in the executors or administrators of the insured, unless '' otherwise provided herein.'' The Vice-Chancellor ultimately directed payment of the proceeds of the Equitable policies to the decedent's children and of the Massachusetts' policies to the executors of the insured. The effect of this decision is somewhat weakened because of a reference in the opinion to a stipulation made in open court by the children who were of full age, and the widow, that disposition of the proceeds be made in the manner determined by the Vice-Chancellor. However, at page 845 of the opinion it is stated that each of the various interested parties had requested payment of the funds, and a reading of the whole opinion leads this court to believe that even in the absence of such stipulation the result achieved would have been the same.

The New Jersey Court of Errors and Appeals in the case of *Goldberg* v. *Hudson County National Bank* (123 N. J. Eq. 269) cited the *Equitable* case (*supra*) as authority for its conclusion that the insurance trust which was the subject of the action

before it, had been validly revoked. The court further held that if the bank which was designated as beneficiary in trust should receive the fund it would be deemed to hold it as trustee of a resulting trust in favor of the estate and would be directed to pay the same over to the estate, citing *Prudential Ins. Co.* v. *Bloomfield Trust Co.* (104 N. J. Eq. 372, *supra*) and *Matter of Goldowitz* (145 Misc. 300, *supra*). In the *Goldberg* case the insurer was the Metropolitan Life Insurance Company and the policies in issue contained no alternate disposition of the proceeds, as was the fact in the *Prudential* case. It is pertinent here to point out that in the companion case of *Equitable Life Assur. Soc.* v. *Janssen* (14 N. J. Mis. R. 837, *supra*) the hereinbefore quoted provision contained in the policies issued by the Massachusetts Mutual Life Insurance Company constituted an alternate disposition of the proceeds, similar in effect to that brought about by the " children's clause " in the Equitable policies, which may account for the absence of any reference in the opinion of Vice-Chancellor Egan to the doctrine of resulting trusts.

The Court of Appeals applied the principles of resulting trusts to the situation presented to it in *Bailey* v. *Buffalo Loan, Trust and Safe Deposit Co.* (213 N. Y. 525). The trust company was trustee of a trust created by the will of Daniel E. Bailey, under which it acted for a period in excess of eleven years. In an action brought by the testator's son and residuary legatee, it was held that the trust was invalid. The court then stated at page 542: " * * * we conclude that the trust company holds the fund in controversy upon a resulting trust for the plaintiff ".

It thus appears from the foregoing cases that resort has been had to the theory of resulting trusts, in comparable situations to that here presented, only in those instances in which the policies of insurance did not in themselves provide an alternate disposition of the proceeds.

Upon all of the foregoing, therefore, it is determined that within the fair and reasonable intendment of the insured and the insurer as the parties to the contract, the executors of testator are not entitled to the proceeds of the retirement annuity policies, which are instead payable to the children of the insured under the " children's clause " provision. Equitable is accordingly directed to pay one half of the net amount due upon the policies herein in question to the general guardian of testator's infant child.

Submit decree, on notice, in accordance herewith.